**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JAMES FRANKLIN PIPES,**

          **Petitioner,**

**v.**                                **Civil Action No. 2:05cv58**
                                            **(Judge Maxwell)**

**THOMAS MCBRIDE,**

          **Respondent.**


**OPINION/REPORT AND RECOMMENDATION**

      This case was initiated on July 25, 2005, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges a conviction and sentence imposed in the Circuit Court of Berkeley County, West Virginia. Presently before the Court is the respondent's answer and motion to dismiss the petition for the failure to exhaust state remedies. On August 1, 2006, notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner advising him of his right to file a response to the Respondent's dispositive motion. Petitioner filed his response and memorandum in support on August 3, 2006. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2 and LR PL P § 83.13, <u>et</u> <u>seq.</u>

**I. Factual and Procedural Background**

**A. Petitioner's Conviction and Sentence**

      According to the parties, Petitioner was indicted by a Grand Jury sitting in the Circuit Court of Berkeley County of three counts of sexual abuse by a parent, guardian, or custodian and three counts sexual assault in the second degree. The case proceeded to jury trial on March 14, 2000,

where Petitioner was found guilty on all counts. On June 5, 2000, Petitioner received a sentence of ten to twenty years on each of the counts one through three, to run concurrently. In addition, Petitioner received a sentence of ten to twenty years on counts four and five. The sentences on counts four and five were to run concurrent to each other, but consecutive to Petitioner's sentence on counts one through three. As to count six, Petitioner received a one to five year sentence to run consecutive to his sentences on the other counts. Therefore, Petitioner's received a total sentence of 21-45 years imprisonment.

## B. <u>Direct Appeal</u>

Petitioner appealed his convictions and sentences to the West Virginia Supreme Court of Appeals on December 20, 2000. In his appeal, Petitioner asserted the following four grounds for relief:

(1) It was reversible and prejudicial error for the Court to allow the State to use 404(b) evidence when the appellant was not noticed of the State's intent to use such evidence until the day of the pre-trial hearing, four days prior to trial

(2) It was reversible and prejudicial error for the trial court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the West Virginia Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice.

(3) It was reversible and prejudicial error for the trial court to rule that there was sufficient evidence to support a jury finding of forcible compulsion pursuant to W.Va. Code 61-8B-4, second degree sexual assault under counts four and five of the indictment.

(4) It was reversible and prejudicial error for the trial court to rule that there was sufficient

evidence to support a jury finding of sexual intrusion pursuant to W.Va. Code 61-8B-4, second

degree sexual assault under counts four and five of the indictment.

Petitioners' appeal was refused on March 22, 2001.

## C. **Petitioners' First State Habeas Petition**

In his first petition for habeas corpus relief filed in state court, Petitioner raised the following

grounds for relief:

(1) Ineffective assistance of counsel because

(a) counsel was unprepared for trial,
(b) counsel failed to investigate leads, witnesses and lab reports,
(c) counsel failed to make proper motions regarding expert witnesses to prove Petitioner's mental capacity at the time of trial and police questioning,
(d) counsel failed to suppress an alleged confession,
(e) counsel failed to make proper motions upon having knowledge that the State failed to surrender full discovery,
(f) failed to adequately research or understand the law,
(g) counsel failed to call witnesses on defendant's behalf and to properly question witnesses relevant to the defense,
(h) failed to make timely and persuasive objections during the course of the trial,
(i) failed to submit proper jury instructions,
(j) failed to motion for discovery of potential jurors and review the list and the indictment with Petitioner,
(k) failed to review the presentence report with Petitioner,
(l) failed to present evidence about other biological children in the house, and
(m) failed to make proper motions to the Judge to compel the prosecution's witnesses to be interviewed prior to trial;

(2) His sentence is not supported by clear and convincing evidence;

(3) He was denied a fair trial when the prosecutor improperly informed the jury panel as to

the total number of charges against Petitioner, and once impaneled, told the jury about the alleged

actions of the Petitioner against the victim.

On November 15, 2004, the Circuit Court of Berkeley County denied Petitioner's first writ

of habeas corpus. Petitioner appealed. In his appeal, Petitioner argued that the Circuit Court

committed reversible error in denying Petitioner the requested habeas relief on his ineffective assistance of counsel claims and that the Circuit Court committed reversible error in summarily denying Petitioner's requested habeas relief without holding an evidentiary hearing and without addressing numerous grounds raised in the petition. Petitioners' appeal was refused by the West Virginia Supreme Court of Appeals on June 29, 2005.

**D. Petitioners' Second State Habeas Petition**

In his second petition for habeas corpus relief filed in state court, Petitioner raised the following grounds for relief:

(1) Ineffective Assistance of Post Conviction Counsel for

(a) failing to submit factual support of grounds in Petitioner's first writ of habeas corpus,
(b) failing to notify Petitioner of events occurring in his first habeas case,
(c) failing to investigate certain witnesses to verify the truth of Petitioner's facts,
(d) failing to submit a motion for an independent psychiatric evaluation to determine whether Petitioner was fit to participate in post conviction proceedings.
(e) failing to get copies of the indictments, status hearings, arraignment, investigations or transcripts from the Berkeley County and Morgan County Circuit Courts to see if Petitioner was telling the truth,
(f) failing to discuss with Petitioner the grounds raised on appeal, thereby arguing claims that Petitioner did not want argued while leaving out claims that Petitioner did want argued,
(g) failing to move for a voluntariness hearing when counsel knew the confession and plea agreement in both the Berkeley County case and Morgan County case were both coerced,
(h) failing to argue that trial counsel should have submitted a motion for a hearing on voluntariness of statements Petitioner made to police,
(i) failing to argue that trial counsel should have submitted a motion for a court hearing to weigh probative value against potential for unfair prejudice as to the 404(b) evidence,
(j) failing to find errors that the Petitioner, a person unschooled in the law, could find,
(k) failing to investigate and address the claims raised by Petitioner in his habeas petition;

(2) Ineffective Assistance of Trial Counsel for

4

(a) failing to ask proper questions of prosecution and defense witnesses,

(b) failing to object to hearsay evidence made by Petitioner's wife,

(c) failing to properly question Barbara Alexander who made prejudicial and inflammatory remarks about Petitioner,

(d) failing to submit a motion for hearing outside the presence of the jury to weigh probative value of the 404(b) evidence against potential for unfair prejudice,

(e) failing to object to the misconduct and misstatements of prosecutor,

(f) failing to get Petitioner copies of hearings so he could properly fight his case,

(g) failing to move the court to allow Petitioner and alleged victim to submit to timely forensic psychological evaluation or consultation with other experts to determine whether Petitioner was fit to stand trial and whether alleged victim was credible, and

(h) failing to sufficiently meet with Petitioner and prepare Petitioner's case for trial by failing to discuss an alibi defense, failing to properly explain the charges, failing to discuss with Petitioner his motions in limine prior to filing them, failing to discuss strategies instead of trying to coerce Petitioner into signing a plea agreement and failing to interview any of the prosecutions witnesses before trial to ascertain the truth or form a defense theory;

(3) Accumulation of error on the part of trial counsel amounts to ineffective assistance of counsel;

(4) Conviction obtained by use of coerced confession and statements taken by police with regard to an improper police interrogation in Morgan County case 94-F-21;

(5) Conviction obtained by use of coerced confession and statements taken by police with regard to improper police interrogation used in present case 99-F-180;

(6) Conviction obtained by use of coerced plea bargain with regard to Morgan County case 94-F-21;

(7) Conviction obtained by the following misstatements and misconduct of the prosecutor

(a) prosecutor apologized to the jury for Petitioner's conduct, thereby condemning him in the minds of the jury,

(b) prosecutor told the jury in closing arguments that Petitioner had pled guilty in case number 94-F-21, and

(c) prosecutor told jury that Petitioner had admitted to being involved in the alleged crime during the proceedings in his other case although she produced no evidence to substantiate this claim;

(8) The prosecutor arrested Petitioner's wife to force her not to talk to Petitioner or his counsel prior to trial;

(9) Conviction obtained due to Petitioner's being incompetent to stand trial;

(10) Conviction obtained by judicial error and misconduct;

(11) It is reversible and prejudicial error for the court to allow a prior confession as evidence in a criminal trial without first conducting a voluntariness hearing;

(12) It is reversible and prejudicial error for the Court to allow incriminating statements into evidence without an in camera voluntariness hearing;

(13) It is reversible and prejudicial error of the Court to allow an alleged victim to testify without first submitting her to a psychological evaluation to assess the competency, credibility and veracity of her allegations;

(14) It is reversible and prejudicial error of the Court to allow a plea agreement to be admitted as evidence without a voluntariness hearing out of the presence of the jury;

(15) It is reversible and prejudicial error of the Court to allow the prosecutor to blatantly and willingly misstate the truth to get a conviction and to coerce witnesses for their testimony;

(16) It is reversible and prejudicial error for the court to allow a defendant to stand trial when the defendant is not mentally capable of defending himself;

(17) It is reversible and prejudicial error for the Court to allow hearsay testimony into evidence in a criminal trial;

(18) It is reversible and prejudicial error for the court to allow the State to use 404(b) evidence when the petitioner was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial;

(19) It is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of Federal and West Virginia Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice;

(20) It is reversible and prejudicial error for the court to rule that there was sufficient evidence to support a jury finding of sexual intrusion pursuant to West Virginia Code 61-8B-4, second degree sexual assault under counts four and five of the indictment;

(21) It is reversible and prejudicial error for the trial judge to show unwarranted disdain and prejudice against the defendant;

(22) Accumulation of error by the court, the prosecutor, and his own counsel throughout the trial and sentencing constitutes reversible error;

(23) Petitioner received ineffective assistance of appellate counsel when

> (a) counsel told petitioner that he had already submitted all grounds allowed in his direct appeal and that any other grounds would have to be raised in a habeas corpus petition,
> (b) failed to listen to what Petitioner had to say,
> (c) failed to interview or investigate Petitioner's claims of error,
> (d) submitted claims Petitioner did not want submitted and failed to submit claims Petitioner did want submitted,
> (e) failed to raise certain sentencing issues on appeal,
> (f) failed to hire an investigator to find certain witnesses,
> (g) failed to submit a motion for an independent psychiatric evaluation to determine if Petitioner was mentally able to stand trial or participate in post trial proceedings,
> (h) failed to get copies of the indictment, status hearings, arraignment, or any investigations from Berkeley County or Morgan County and go over them with the Petitioner to see if he was telling the truth,
> (i) failed to argue that trial counsel failed to submit a motion for hearing on voluntariness of confession and plea agreement made in Morgan County and used to convict Petitioner in Berkeley County, and
> (j) failed to argue that trial counsel failed to submit a motion for voluntariness hearing of statements made by Petitioner to Trooper Boober and Mr. Ashworth in case 99-F-180; and

(24) Petitioner has been denied his right to due process of law due to judicial indiscretion of first habeas corpus judge by ignoring Petitioner's complaints against habeas counsel and ignoring his complaints of a conspiracy.

Petitioners' second state habeas is still pending in the Circuit Court of Berkeley County.

## E. **Petitioner's Federal Habeas**

In his federal habeas petition, Petitioner raises the following grounds for relief:

(1) Ineffective assistance of trial counsel for

> (a) failing to ask proper questions of prosecutor and defense witnesses,
> (b) failing to contact, investigate or secure the attendance of certain key witnesses that Petitioner provided him,
> (c) failing to submit certain jury instructions,
> (d) failing to make a motion for discovery of potential jurors and review the list and indictment with Petitioner;
> (e) failing to file a proper motion upon having knowledge that the State failed to surrender full discovery,
> (f) failing to make timely and persuasive objections during trial,
> (g) failing to object to hearsay evidence given by Petitioner's wife,
> (h) failing to review the presentence report with Petitioner and raise arguments as to its inaccuracies,
> (i) failing to make proper motions to compel the prosecutor's witnesses to be interviewed prior to trial,
> (j) failing to move the court to permit Petitioner and the alleged victim to submit to a timely forensic psychological evaluation,
> (k) failure to move the Court to have the alleged victim submit to a psychological evaluation to assess her competency, credibility and the veracity of her allegations, and
> (l) failing to sufficiently meet with Petitioner and prepare the case for trial;

(2) Accumulation of error on the part of trial counsel amounts to ineffective assistance of counsel;

(3) Conviction obtained by use of coerced confession and statements taken by police with regard to an improper police interrogation used in Morgan County Case 94-F-21;

(4) Conviction obtained by use of coerced confession and statements taken by police with

regard to an improper police interrogation in case number 99-F-180;

(5) Conviction obtained by use of a coerced plea bargain;

(6) Conviction obtained by prosecutor misstatements and misconduct with regard to

        (a) statement that Petitioner pled guilty in case 94-F-21,
        (b) statement that Petitioner admitted to being involved in the alleged crime in the first case,
        (c) statement that Petitioner's wife said it happened in Morgan County,
        (d) allowing witnesses to make inflammatory and prejudicial remarks about Petitioner,
        (e) deliberate attempt to make it look like Elizabeth Pipes could not have been in the apartment at the time of the alleged crime,
        (f) statements about a note that was not introduced into evidence, and
        (g) statement that there were no other non-biological girls in the household;

(7) Prosecutors' arrest of Petitioner's wife to force her not to talk to the Petitioner or his counsel prior to trial;

(8) Conviction obtained due to Petitioner being incompetent to stand trial;

(9) Conviction obtained by Judicial error and misconduct;

(10) It is reversible and prejudicial error for the court to allow a prior confession as evidence in a criminal trial without first conducting a voluntariness hearing;

(11) It is reversible and prejudicial error for the court to allow incriminating statements made by the defendant into evidence without an in camera voluntariness hearing;

(12) It is reversible and prejudicial error for the court to allow an alleged victim to testify without first submitting her to a psychological evaluation to assess her competency, credibility and the veracity of her allegations;

(13) It is reversible and prejudicial error for the court to allow a plea agreement to be admitted as evidence without a voluntariness hearing out of the presence of the jury;

(14) It is reversible and prejudicial error for the court to allow the prosecutor to blatantly and

willingly misstate the truth to get a conviction and to coerce witnesses for their testimony and to make and allow witnesses to make inflammatory statements about the defendant;

(15) It is reversible and prejudicial error for the court to allow a defendant to stand trial when the defendant is not mentally capable of defending himself;

(16) It is reversible and prejudicial error for the court to allow hearsay testimony into evidence in a criminal case;

(17) It is reversible and prejudicial error for the court to allow the State to use 404(b) evidence when the appellant was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial;

(18) It is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the Federal Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice;

(19) It is reversible and prejudicial error for the court to rule that there was sufficient evidence to support a jury finding of sexual intrusion;

In his Addendum to the petition, Petitioner adds the following additional claims:

(20) Petitioner received ineffective assistance of trial counsel for

> (a) encouraging prejudicial and inflammatory testimony from Barbara Alexander,
> (b) failing to submit a motion to court for hearing, out of presence of jury, to weigh probative value of 404(b) evidence against potential unfair prejudice and/or otherwise object to the Court's failure to weigh such evidence, and
> (c) failed to object to misconduct and misstatements made by prosecutor;

(21) Conviction obtained by prosecutor misstatements and misconduct with regard to

> (a) condemning Petitioner in the eyes of the jury by apologizing for Petitioner's behavior, and

(b) vouching for the credibility of alleged victim and other witnesses;

(22) It is reversible error for the trial judge to show unwarranted disdain and prejudice against the defendant;

(23) Accumulation of error by the court, the prosecutor, and his own counsel throughout the trial and sentencing constitutes reversible error;

(24) Ineffective assistance of appellate counsel for

> (a) failing to assert all the grounds Petitioner explained to him,
> (b) failing to properly investigate the case and find all the constitutional violations that occurred,
> (c) failing to assert sentencing errors based on the date of the alleged crime,
> (d) failing to hire an investigator to find a witness named Marie Cummings,
> (e) failing to submit a motion for an independent psychiatric evaluation to determine if Petitioner was mentally able to stand trial or to participate in post trial proceedings,
> (f) failing to get copies of indictments, status hearings, arraignments or any investigation from Berkeley or Morgan County cases and go over them with Petitioner to see if he was telling the truth,
> (g) failing to argue trial counsel's failure to submit motion for hearing on voluntariness of confession and plea agreement made in Morgan County and used to convict Petitioner in Berkeley County,
> (h) failing to argue trial counsel's failure to submit motion for hearing to weigh probative value against potential for unfair prejudice of 404(b) evidence,
> (i) failing to argue trial counsel's failure to submit motion for voluntariness hearing of statements made by Petitioner to Trooper Boober and Mr. Ashworth in case 99-F-180, and
> (j) failing to argue trial counsel's failure to object to hearsay evidence, prosecutor misconduct and misstatements, and other court error;

(25) Petitioner has been denied his right to due process due to judicial indiscretion of first habeas corpus judge.

## F.  The Respondent's Motion to Dismiss

In the motion to dismiss, Respondent argues that because Petitioner has a state habeas petition pending that contains some of the same grounds set forth in the instant petition, he still has remedy available in State court and his claims are therefore not properly exhausted.  In addition, the

Respondent argues that the Petition is a "mixed petition"[1] and should be dismissed.

## G.  Petitioners' Reply

In his reply to the Respondent's motion to dismiss, Petitioner first argues that the Respondent's answer is inadequate because it does not address the merit of his claims.  Petitioner appears to argue that if his claims did not have merit then the Court would not have ordered the Respondent to file an answer in the first place.[2]  Next, Petitioner disagrees with the Respondent's contention that his claims are not exhausted.  Specifically, Petitioner asserts that the courts of the State are to blame for any unexhausted claims because the West Virginia Supreme Court of Appeals failed to allow him to supplement his appeal and because trial counsel was ineffective for failing to raise all of the claims that Petitioner had given him.  Petitioner does not, however, address the State's argument that he still has a possible State remedy available via his pending state habeas.

## H.  Petitioners' Objections

In his objections and memorandum in support, Petitioner argues that he has clearly shown that all of the grounds raised in his federal habeas petition were properly presented to the courts of the State.  Petitioner argues that the West Virginia Supreme Court refused to hear his appeal and never even bothered notifying him of the refusal.  Petitioner contends, without explanation, that had he not filed his federal habeas petition when he did, he would have been time-barred from doing so.  Petitioner contends that this is exactly what the State has attempted to do, make him miss the filing deadline in federal court so that it does not have to answer for the corruption in his case.  Petitioner

---

[1] A mixed petition contains both exhausted and unexhausted claims.

[2] This argument is without merit.  In its Order to Show Cause, the Court merely determined summary dismissal was not appropriate at that time and directed the Respondent to file a response to the petition.  Such an Order makes no findings as to whether or not the underlying claims actually have merit.  A merits determination can only be made after proper response and reply.

asserts that he exhausted his state remedies when he presented his case to the highest court of the State, whether the Court chose to review his case or not. Therefore, Petitioner seeks an adjudication of his claims on the merits. In the alternative, Petitioner requests that the Court hold his federal habeas petition in abeyance while the State considers any unexhausted grounds.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114

(N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[3] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Beard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution   If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

Here, Petitioner filed a direct appeal and two state petitions for writ of habeas corpus. After a review of each of these proceedings and the instant petition, the undersigned has determined that the claims raised by Petitioner on direct appeal are exhausted, as are the claims raised in his first state habeas petition. However, the claims raised in Petitioner's second state habeas petition are still pending before the Circuit Court of Berkeley County, and therefore, are not exhausted because

---

[3] Picard v. Connor, 404 U.S. 270 (1971).

Petitioner still has remedy available in State court.  More specifically, the undersigned makes the following findings with regard to each of Petitioner's individual claims:[4]

- ► Grounds 17, 18, and 19 were raised on direct appeal and are exhausted.  However, Petitioner also raised those grounds in his second state habeas petition.  Therefore, Petitioner still has a potential remedy available in state court with regard to these claims.
- ► Grounds 1(b), 1(c), 1(d), 1(e), 1(f), 1(h), 1(i) were raised in Petitioner's first state habeas and are exhausted.  Petitioners' first state habeas petition was denied on the merits.  Petitioner appealed that decision and his appeal was denied.
- ► Grounds 1(a), 1(g), (1j) 1(k), 1(l), 2, 3, 4, 5, 6(a), 6(b), 7, 8,9,10,11,12,13, 14, 15, 16, 17, 18, 19, 20, 21(a), 22, 23, 24, and 25 were raised in Petitioner's second state habeas and are not exhausted.  Petitioners' second state habeas petition is still pending before the Circuit Court of Berkeley County, thereby making remedy still available in the Courts of the State.
- ► Grounds 6(c), 6(d), 6(e), 6(f), 6(g) and 6(b) were not raised in any of Petitioner's prior state proceedings.  Accordingly, those claims have not been exhausted.  However, because Petitioner's second state habeas is pending, Petitioner may still have remedy available in State court.[5]

Accordingly, based on this assessment of Petitioner's claims, it appears that the instant petition is a "mixed petition."

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims.  Therefore, it would appear at this point, that the Respondent's motion to dismiss should be granted and the petition dismissed.  However, the Respondent did not

---

[4] The undersigned would add a caveat at this point.  All of Petitioner's filings in this case, both in state and federal court, are voluminous and at times confusing.  It is possible that some of the claims raised either in Petitioner's state or federal courts proceedings have been inadvertently overlooked or incorrectly assessed.  The Court would welcome clarification from the parties as to any such claims.

[5] Since the Circuit Court has not ruled on the merits of Petitioner's claims, or conducted an omnibus evidentiary hearing, it appears that Petitioner could still seek permission to amend his second state habeas petition to add those claims.

address Petitioner's request for a stay should the Court determine that some of his claims are not exhausted.

**Stay and Abeyance**

At the time the Supreme Court issued its decision in Rose v. Lundy, supra, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[6] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings. However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims.

However, in Rhines, the Supreme Court noted that a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA.[7] Rhines 544 U.S. at 277. Therefore, the Supreme Court found that stay and abeyance procedures are only available in limited circumstances.[8] Id.

---

[6] Pursuant to AEDPA, a one-year limitation period within which to file a federal habeas corpus motion was established.

[7] The twin purposes of AEPDA are to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance.

[8] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Here, the Court finds no grounds for the application of a stay and abeyance procedure. Rhines is applicable only when a dismissal without prejudice falls close to or after the one-year limitations period for filing a federal habeas petition has expired. Rhines, 544 U.S. at 277-78. Thus, when a petitioner has more than adequate time in which to file his federal habeas petition, a dismissal without prejudice will not "unreasonably impair the petitioner's right to obtain federal relief." Id. Under AEDPA, Petitioner would have one-year from the date on which his conviction became final to timely file a petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1).

In this case, Petitioner's direct appeal was denied on March 22, 2001. Because Petitioner did not file a writ of petition for certiorari with the United States Supreme Court, his conviction and sentence became final when the time for doing so expired, or June 21, 2001. See Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). Petitioner filed his first state habeas petition on November 26, 2001. At that time, 248 days of the one-year limitation had expired. The one-year statute of limitations period was then tolled during the pendency of Petitioner's first state habeas proceeding. Petitioners' first state habeas was denied on November 12, 2004 and Petitioner appealed. However, while Petitioner's first state habeas was on appeal, he submitted a second state habeas petition on December 6, 2004. Therefore, although the appeal of the denial of Petitioner's first state habeas corpus was refused on June 29, 2005, his second state habeas petition has remained pending since December 6, 2004. Thus, it appears that no additional part of the one-year limitation has expired, and should this court

dismiss the instant federal habeas petition without prejudice for the failure to exhaust, Petitioner will still have 117 days of the one-year limitation remaining. That should be more than enough time for Petitioner to prepare and re-file his federal habeas petition. Accordingly, <u>Rhines</u> is inapplicable and Petitioner is not entitled to a stay and abeyance of his claims.

### III. Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion to Dismiss (dckt. 15) be GRANTED and Petitioner's § 2254 petition be DISMISSED WITHOUT PREJUDICE to Petitioner's right to renew the same following the proper exhaustion of state remedies.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* Petitioner and any counsel of record.

DATED: January 17, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE