**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JAMES FRANKLIN PIPES,**

      **Petitioner,**

    **v.**                            **Civil Action No. 2:05 CV 58
(Maxwell)**

**THOMAS MCBRIDE,**

      **Respondent.**

<u>**ORDER**</u>

On July 25, 2005, *pro se* Petitioner James Franklin Pipes, an inmate at Mount Olive Correctional Complex, filed a Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus* by a Person in State Custody.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Standing Order No. 2 and Local Rules Of Prisoner Litigation Procedure Rule 83.13, *et seq.*

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued an Opinion/Report And Recommendation on January 17, 2007, wherein he recommended that the Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus* by a Person in State Custody be dismissed without prejudice to the Petitioner's right to renew the same following the proper exhaustion of state remedies.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the parties with ten (10) days from the date they were served with a copy of said Opinion/Report And Recommendation in which to file objections thereto and advised the

parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

On January 24, 2007, the Petitioner filed a Motion For Extension Of Time On Judge Kaull's Recommendation wherein he requested a ten working day extension of time, up to and including February 15, 2007, in which to file a response to Magistrate Judge Kaull's January 17, 2007, Opinion/Report And Recommendation.

Thereafter, on February 2, 2007, Petitioner's Objection To Magistrate Judge Kaull's Opinion/Report And Recommendation (Docket No. 23) was filed with the Court. Correspondence from the Petitioner received by the Clerk of Court on February 8, 2007, advised that the Petitioner's February 2, 2007, Objection was filed with the understanding that he had not been granted an extension of time in which to file his objections.

By Order entered February 8, 2007, the Court granted the Petitioner's Motion For Extension Of Time On Judge Kaull's Recommendation and granted the Petitioner an extension of time up to and including March 1, 2007, in which to file any additional objections that he might have to Magistrate Judge Kaull's January 17, 2007, Opinion/Report And Recommendation.

The docket in the above-styled civil action reflects that on February 27, 2007, the Petitioner's Objection To Magistrate Judge Kaull's Opinion/Report And Recommendation was filed with the Court (*See* Docket No. 26).

On March 27, 2007, subsequent to the filing of his Objection To Magistrate Judge Kaull's Opinion/Report And Recommendation and prior to the entry by the undersigned

United States District Judge of an Order addressing Magistrate Judge Kaull's Opinion/Report And Recommendation, the Petitioner filed a Motion To Inform Court Of Exhaustion of State Remedies And To Move This Court To Adjudicate Federal Habeas (See Docket No. 28). In said Motion To Inform Court Of Exhaustion Of State Remedies, the Petitioner advised the Court that on March 23, 2007, he received an Order from the Circuit Court of Berkeley County dismissing his second state habeas corpus petition. A copy of the Circuit Court of Berkeley County's March 19, 2007, Order is attached to said Motion as "Exhibit B."

The Petitioner is advised that the fact that the Circuit Court of Berkeley County, West Virginia, dismissed his second state habeas corpus petition on March 19, 2007, does not necessarily mean that all of his claims in the instant federal habeas corpus action have been exhausted. In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F.Supp. 592, 593 (S.D. W. Va. 1995); see also Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D. W. Va. 1993). Based on a careful review of the Petitioner's Motion To Inform Court Of Exhaustion Of State Remedies, it appears to the Court that the Petitioner may have appealed the dismissal of his second state habeas corpus petition to the West Virginia Supreme Court of Appeals. In this regard, the Court would note that, in Paragraph 10 of his Motion To Inform Court Of Exhaustion Of State Remedies, the Petitioner states as follows: "Since the State Court has dismissed Petitioner's State Habeas Petition, and he has submitted that Petition to the

3

State Supreme Court on Supplement, Petitioner therefore Moves this Honorable Court to accept his Federal Habeas and adjudicate it on the merits."   In order that the Court might determine whether the Petitioner has, in fact, fully exhausted his state remedies, it is

ORDERED that, **within fourteen (14) days from the date of entry of this Order**, the Petitioner shall file with the Court a verified affidavit, wherein he confirms, under penalty of perjury, whether he did, in fact, appeal the dismissal of his second state habeas corpus petition to the West Virginia Supreme Court of Appeals and wherein he advises the Court, again under penalty of perjury, as to the current status of his appeal to the West Virginia Supreme Court of Appeals.  It is further

ORDERED that the Clerk of Court shall send a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

ENTER: September 26th, 2007

_____
United States District Judge