# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES FRANKLIN PIPES,**

    **Petitioner,**

v.                                                                  **Civil Action No. 2:05cv58**
                                                                              **(Maxwell)**

**THOMAS MCBRIDE,**

    **Respondent.**

## ORDER

The pro se petitioner, James Franklin Pipes, initiated this case on July 25, 2005, by filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. The case was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Standing Order No. 2 and Local Rules of Prisoner Litigation Procedure Rule 83.13, et seq.

On January 17, 2007, Magistrate Judge Kaull issued an Opinion/Report and Recommendation in which he recommended that the petitioner's Petition for Writ of Habeas Corpus be dismissed without prejudice for the failure to properly exhaust state remedies. Moreover, Magistrate Judge Kaull recommended that a stay and abeyance to exhaust said procedures not be granted because the petitioner could not meet the requirements for such stay. Magistrate Judge Kaull advised the parties to file any objections within ten (10) days from the date of the Opinion and further advised that the failure to do so would result in the waiver of the parties' right to appeal from a judgment of this Court based upon said Opinion/Report and Recommendation.

On January 24, 2007, the petitioner filed a Motion for Extension of Time on Judge Kaull's Recommendation wherein he requested up to and including February 15, 2007, to file objections.

On February 2, 2007, the plaintiff filed objections with the understanding that his motion to extend time had not been granted.

On February 8, 2007, the Court granted the petitioner up to and including March 1, 2007, to file any additional objections he may have to Magistrate Judge Kaull's Opinion/Report and Recommendation. On February 27, 2007, the petitioner again objected to said Opinion/Report and Recommendation.

On March 27, 2007, the petitioner filed a Motion to Inform Court of Exhaustion of State Remedies and to Move Court to Adjudicate Federal Habeas. In the motion, the petitioner advised the Court that on March 23, 2007, he received an Order from the Circuit Court of Berkeley County dismissing his second state habeas petition. A copy of the Circuit Court's Order is attached to said motion.

Upon a review of the case at that time, the Court determined that merely because the petitioner's second state habeas petition had been denied by the Circuit Court, the petitioner had not necessarily shown that the claims raised in his second state habeas petition had been exhausted. [Doc. 33 at 3] The Court noted that pursuant to West Virginia law, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction and sentence or in a post-conviction state habeas corpus proceeding, *followed by an appeal to the West Virginia Supreme Court of Appeals.* Id. citing Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D.W.Va. 1993) (emphasis added). Because it was unclear whether the petitioner had filed an appeal of the denial of his second state habeas petition, on September 26, 2007, the Court directed the petitioner to file a verified affidavit confirming that such an appeal was filed.

On October 5, 2007, the petitioner filed a response to the Court's Order of September 26, 2007. In his response, the petitioner states that he did not file an appeal of the denial of his second state habeas petition. Instead, the petitioner states that he previously requested review of these claims in the West Virginia Supreme Court of Appeals during his appeal of the denial of his first state habeas corpus petition, by way of a Motion to Amend said appeal. The petitioner asserts that although the West Virginia Supreme Court of Appeals refused to allow him to amend his appeal at that time, the Court was given the opportunity to review the claims raised in his second state habeas petition, but refused to do so. Therefore, the petitioner argues that regardless of whether he filed an appeal of the denial of his second state habeas petition, the West Virginia Supreme Court of Appeals has had the opportunity to review the claims raised in that petition on the merits and those claims are exhausted.

## The Opinion/Report and Recommendation of the Magistrate Judge

In the Opinion/Report and Recommendation, Magistrate Judge Kaull found that the petitioner raised the following claims in his federal habeas petition:

(1) Ineffective assistance of trial counsel for

    (a) failing to ask proper questions of prosecution and defense witnesses,

    (b) failing to contact, investigate or secure the attendance of certain key witnesses that Petitioner provided him,

    (c) failing to submit certain jury instructions,

    (d) failing to make a motion for discovery of potential jurors and review the list and indictment with Petitioner,

    (e) failing to file a proper motion upon having knowledge that the States failed to surrender full discovery,

    (f) failing to make timely and persuasive objections during trial,

(g) failing to object to hearsay evidence given by Petitioner's wife,

(h) failing to review the presentence report with Petitioner and raise arguments as to its inaccuracies,

(i) failing to make proper motions to compel the prosecutor's witnesses to be interviewed prior to trial,

(j) failing to move the court to permit Petitioner and the alleged victim to submit to timely forensic psychological evaluation,

(k) failure to move the Court to have the alleged victim submit to a psychological evaluation to assess her competency, credibility and the veracity of her allegations, and

(l) failing to sufficiently meet with Petitioner and prepare the case for trial.

(2) Accumulation of error on the part of trial counsel amounts to ineffective assistance of counsel;

(3) Conviction obtained by use of coerced confession and statements taken by police with regard to an improper police interrogation in Morgan County case 94-F-21;

(4) Conviction obtained by use of coerced confession and statements taken by police with regard to improper police interrogation used in present case 99-F-180;

(5) Conviction obtained by use of coerced plea bargain;

(6) Conviction obtained by prosecutor misstatements and misconduct with regard to

(a) statement that Petitioner pled guilty in case 94-F-21,

(b) statement that Petitioner admitted to being involved in the alleged crime in the first place,

(c) statement that Petitioner's wife said it happened in Morgan County,

(d) allowing witnesses to make inflammatory and prejudicial remarks about Petitioner,

(e) deliberate attempt to make it look like Elizabeth Pipes could not have been in the apartment at the time of the alleged crime,

(f) statements about a note that was not introduced into evidence, and

(g) statement that there were no other non-biological girls in the household;

(7) Prosecutors' arrest of Petitioner's wife to force her not to talk to the Petitioner or his counsel prior to trial;

(8) Conviction obtained due to petitioners' being incompetent to stand trial;

(9) Conviction obtained by judicial error and misconduct;

(10) It is reversible error for the court to allow a prior confession as evidence in a criminal trial without first conducting a voluntariness hearing;

(11) It is reversible and prejudicial error for the Court to allow incriminating statements into evidence without an in camera voluntariness hearing;

(12) It is reversible and prejudicial error of the Court to allow an alleged victim to testify without first submitting her to a psychological evaluation to assess the competency, credibility and veracity of her allegations;

(13) It is reversible and prejudicial error of the Court to allow a plea agreement to be admitted as evidence without a voluntariness hearing out of the presence of the jury;

(14) It is reversible and prejudicial error of the Court to allow the prosecutor to blatantly and willingly misstate the truth to get a conviction and to coerce witnesses for their testimony;

(15) It is reversible and prejudicial error for the court to allow a defendant to stand trial when the defendant is not mentally capable of defending himself;

(16) It is reversible and prejudicial error for the Court to allow hearsay testimony into evidence in a criminal trial;

(17) It is reversible and prejudicial error for the Court to allow the State to use 404(b) evidence when the petitioner was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial;

(18) It is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the Federal and West Virginia Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice;

(19) It is reversible and prejudicial error for the Court to rule that there was sufficient evidence to support a jury finding of sexual intrusion;

(20) Petitioner received ineffective assistance of trial counsel for

    (a) encouraging prejudicial and inflammatory testimony from Barbara Alexander,

    (b) failing to submit a motion to court for hearing, out of presence of jury, to weigh probative value of 404(b) evidence against potential unfair prejudice and/or otherwise object to the Court's failure to weigh such evidence, and

    (c) failed to object to misconduct and misstatements made by prosecutor;

(21) conviction obtained by prosecutor misstatements and misconduct with regard to

    (a) condemning Petitioner in the eyes of the jury by apologizing for petitioners' behavior, and

    (b) vouching for the credibility of alleged victim and other witnesses;

(22) It is reversible and prejudicial error for the trial judge to show unwarranted disdain and prejudice against the petitioner;

(23) Accumulation of error by the court, the prosecutor, and his own counsel throughout the trial and sentencing constitutes reversible error;

(24) petitioner received ineffective assistance of appellate counsel for

(a) failing to assert all grounds Petitioner explained to him,

(b) failing to properly investigate the case and find all the constitutional violations,

(c) failing to assert sentencing errors based on the date of the alleged crime,

(d) failing to hire an investigator to find a witness named Marie Cummings,

(e) failing to submit a motion for an independent psychiatric evaluation to determine if Petitioner was mentally able to stand trial or to participate in post trial proceedings,

(f) failing to get copies of indictment, status hearings, arraignments or any investigations from Berkeley County or Morgan County cases and go over them with Petitioner to see if he was telling the truth,

(g) failing to argue trial counsel's failure to submit a motion for hearing on voluntariness of confession and plea agreement made in Morgan County and used to convict petitioner in Berkeley County,

(h) failing to argue trial counsel's failure to submit motion for hearing to weigh probative value against potential for unfair prejudice of 404(b) evidence,

(i) failing to argue trial counsel's failure to submit a motion for voluntariness hearing of statement made by Petitioner to Trooper Boober and Mr. Ashworth in case 99-F-180, and

(j) failing to argue trial counsel's failure to object to hearsay evidence, prosecutor misconduct and misstatements, and other court error;

(25) Petitioner has been denied his right to due process of law due to judicial indiscretion of first habeas corpus judge.

Moreover, with regard to the exhaustion of administrative remedies, Magistrate Judge Kaull specifically found:

- Grounds 17, 18 and 19 were raised on direct appeal and are exhausted. However, the petitioner also raised those grounds in his second state habeas petition. Therefore, the petitioner still has a potential remedy available in state court with regard to these claims.

- Grounds 1(b), 1(c), 1(e), 1(f), 1(h), and 1(i) were raised in the petitioner's first state habeas petition and are exhausted. Petitioners' first state habeas petition was denied

7

on the merits. Petitioner appealed that decision and his appeal was denied. Therefore, these grounds are exhausted.

- Grounds 1(a), 1(g), 1(j), 1(k), 1(l), 2, 3, 4, 5, 6(a), 6(b), 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21(a), 22, 23, 24 and 25 were raised in the petitioner's second state habeas and are not exhausted. The petitioner's state habeas petition is still pending before the Circuit Court of Berkeley County, thereby making remedy still available in the Court of the State.

- Grounds 6(c), 6(d), 6(e), 6(f), 6(g) and 6(b) were not raised in any of the petitioner's prior state proceedings. Accordingly, those claims have not been exhausted. However, because the petitioner's second state habeas is pending, the petitioner may still have remedy available in State court.

Additionally, Magistrate Judge Kaull examined the petitioner's request for a stay and abeyance pending exhaustion of his state court remedies. In doing so, Magistrate Judge Kaull found that the petition in this case was indeed a "mixed petition," meaning it contained both exhausted and unexhausted claims, but that the petitioner still had 117 days remaining on his one-year time limitation for filing a federal habeas petition. Therefore, Magistrate Judge Kaull determined that the petitioner could not meet the requirements for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005).

Based on the above-mentioned findings, Magistrate Judge Kaull recommended that the respondent's motion to dismiss for the failure to exhaust be granted, the petitioner's request for a stay and abeyance be denied and this case be dismissed without prejudice to the petitioner's right to renew his claims following the proper exhaustion of state remedies.

### The Petitioner's Objections and Supplemental Filings

A. <u>February 2, 2007 Objections</u>

In his objections filed on February 2, 2007, the petitioner objects to the Magistrate's characterization of Ground 7 in his second state habeas petition by pointing out that he added three additional subgrounds to this claim in his Addendum to that petition. Specifically, the petitioner asserts that ground 7 in his second state habeas petition also included the following:

(d) Vouched for her witness;

(e) Lied about Petitioner's wife's testimony; and

(f) Vouched for her witness again.

Additionally, the petitioner objects to the Magistrate's understanding of his reply to the respondent's motion to dismiss. Specifically, the petitioner asserts that he is not blaming the West Virginia Supreme Court of Appeals for his failure to exhaust because it failed to allow him to supplement his appeal. Instead, the petitioner asserts that his first habeas counsel failed to submit all the grounds and facts that the petitioner had given him to submit. Moreover, the State Supreme Court had the opportunity to look at his appeal and supplement, yet it refused. That, the petitioner argues, is the reason he filed his federal habeas petition while his second state habeas petition was pending.

The petitioner also objects to the specific findings made by the Magistrate Judge. Specifically, the petitioner asserts that grounds 6(b), 6(c), 6(e), 6(f) and 6(g) were raised in the Addendum to his second state habeas petition. Additionally, the petitioner notes that he withdrew ground 6(d) in that same addendum.

Finally, the petitioner objects generally to the Magistrate's finding that he is not entitled to a stay and abeyance. The remainder of the petitioner's first set of objections is merely a reiteration

of the factual and procedural history of his case, his claims and arguments, and additional support for his contention that his claims are exhausted.

B. February 27, 2007 Objections

In his objections filed on February 27, 2007, the petitioner asserts that he reviewed his prior objections for error and has added and deleted what he believes is necessary to correct any mistakes he may have made. Therefore, the petitioner asserts that his February 27, 2007, objections supercede his objections of February 2, 2007. Regardless of whatever changes the petitioner made to his general argument, the Court notes that the petitioner's specific objections remain the same as those raised in his February 2, 2007, objections.

C. Notice of Exhaustion of State Remedies and Motion to Adjudicate Federal Habeas

In this motion, the petitioner asserts that the respondent's motion to dismiss his petition relies upon the fact that the petitioner has a second state habeas pending in the Circuit Court of Berkeley County. However, the petitioner asserts that on March 23, 2007, he received an Order from the Berkeley County Circuit Court dismissing his second state habeas petition. Therefore, the petitioner asserts that as his claims are now exhausted, there is no reason for this Court to dismiss his federal habeas petition. Accordingly, the petitioner requests that Magistrate Judge Kaull's Opinion/Report and Recommendation recommending dismissal for the failure to exhaust, be overruled and the petitioner's claims be adjudicated on the merits.

D. Petitioner's Response to the Court's Order of September 26, 2007

On October 5, 2007, the petitioner filed a response to the Court's Order of September 26, 2007, in which the petitioner was directed to file a verified affidavit regarding any appeal of his second state habeas corpus petition. In his response, the petitioner concedes that he did not file an

appeal of the Order denying his second state habeas corpus petition. Instead, the petitioner appears to argue that he did not need to file such appeal because he attempted to raise these issues in the appeal of the denial of his first state habeas petition by way of a motion to amend his appeal. However, the West Virginia Supreme Court of Appeals would not allow him to amend his petition. Thus, the petitioner asserts that because these claims had previously been presented to the West Virginia Supreme Court of Appeals, and they were given the opportunity to review the claims, although they chose not to, he did not need to appeal the issues again after his second state habeas was denied.

## Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

## Analysis

Upon a *de novo* review of the Magistrate Judge's Opinion/Report and Recommendation, and the petitioner's objections to said Opinion/Report and Recommendation, it appears to the Court that the petitioner has raised the following issues not previously considered by the Magistrate Judge. Those issues are:

(1) whether grounds 6(b), 6(c), 6(e), 6(f) and 6(g) were raised in the petitioner's Addendum to his second state habeas petition;

(2) whether the petitioner withdrew ground 6(d) in that same addendum; and

(3) whether the petitioner asserted grounds 7(d), 7(e) and 7(f) in that same addendum.

Furthermore, upon a *de novo* review of the petitioner's other supplemental filings, which contain information unknown to the Magistrate Judge at the time the Opinion/Report and Recommendation was entered, it appears that the petitioner also raises the following additional issue:

(4) whether the Circuit Court's denial of the petitioner's second state habeas corpus petition properly exhausts the claims raised in that petition.

With regard to the issue of the characterization of the petitioner's claims, the Court acknowledges that the petitioner did raise grounds 6(b), 6(c), 6(e), 6(f) and 6(g) in his addendum to his second state habeas petition. See Resp't Ex. 10. Additionally, the Court acknowledges that the petitioner did in fact withdraw ground 6(d) in that same addendum. Id. Thus, as to the petitioner's objections to the enumeration and characterization of his claims in the Magistrate Judge's Opinion/Report and Recommendation, the Court **SUSTAINS** that objection to the extent that the Court recognizes that grounds 6(b), 6(c), 6(e), 6(f) and 6(g) were raised in the Addendum to the petitioner's second state habeas petition. Moreover, the Court recognizes that ground 6(d) was withdrawn in that same Addendum and will not be given further consideration by the Court.

With regard to the petitioner's objection as to the characterization of the subgrounds of ground seven, the Court notes that ground seven, as found by the Magistrate Judge, contains no subgrounds. Therefore, the Court **OVERRULES** the petitioner's objections as to grounds 7(d), 7(e) and 7(f) as moot.[1]

---

[1] In any event, as set forth more fully below, any grounds raised solely in the petitioner's second state habeas corpus petition are not exhausted and subject to dismissal.

With regard to whether the claims raised in the petitioner's second state habeas petition have been exhausted, the Court **OVERRULES** the petitioner's objection. As the petitioner was previously advised in the Court's Order of September 26, 2007, in West Virginia, the exhaustion of state remedies is accomplished by raising the federal issue on direct appeal or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, supra; Bayerle v. Godwin, supra. Here, the petitioner concedes that although his second state habeas petition was denied by the Circuit Court of Berkeley County on March 19, 2007, he did not file an appeal of that decision to the West Virginia Supreme Court of Appeals. See Response to Order [Doc. 35] at 1. Moreover, the time for doing so has now elapsed. See W.Va. Code § 58-5-4. Therefore, the petitioner did not properly exhaust the issues raised in the second state habeas petition and cannot now do so.

To the extent that the petitioner argues that his failure to file an appeal of the denial of his second state habeas petition was not necessary for exhaustion purposes because he previously attempted to raise these issues by way of an amendment to the appeal of the denial of his first state habeas petition, the Court is not persuaded by that argument. The petitioner makes it appear as if during the pendency of his first state habeas appeal, he attempted to amend his petition and the West Virginia Supreme Court of Appeals simply failed to allow him to do so. Thereby, the petitioner asserts that the West Virginia Supreme Court has been given the opportunity to review his claims, but simply chose not to do so. However, a review of the exhibits provided by the petitioner shows that the West Virginia Supreme Court of Appeals did not receive the petitioner's motion to amend until after his first state habeas petition had already been denied. See Response to Order [Doc. 35] at Att. 3. Therefore, at that time, the petitioner had no pending case which to amend, and the West

Virginia Supreme Court no longer had jurisdiction over the petitioner's claims. Thus, the petitioner did not properly present the claims raised in his second state habeas petitioner to the West Virginia Supreme Court and that Court has never had an appropriate opportunity to review those claims. Accordingly, the petitioner has not properly exhausted the claims raised in his second state habeas petition.

However, because the claims raised in the petitioner's second state habeas petition are not properly exhausted, and the petitioner cannot now exhaust those claims, those claims are due to be dismissed. Moreover, upon dismissal of those claims, the petition would no longer be a mixed petition and the petitioner would be entitled to a review on the merits of his exhausted claims. The petitioner does not object to the Opinion/Report and Recommendation of the Magistrate Judge as to his findings that grounds 1(b), 1(c), 1(e), 1(f), 1(h), and 1(i) were raised in the petitioner's first state habeas petition and are exhausted and that grounds 17, 18 and 19 were raised on direct appeal and are exhausted. Therefore, the petitioner would then be entitled to a review on the merits of those claims.

## Conclusion

For the reasons set forth in this Order, it is hereby

**ORDERED** that due to circumstances occurring after the filing of the Magistrate's Judge's Opinion/Report and Recommendation [Doc. 21], the Court **VACATES** said Opinion/Report and Recommendation to the extent that it finds that the petition is a mixed petition due to the petitioner's pending state habeas petition. However, the Court **ADOPTS** the Magistrate Judge's Opinion/Report and Recommendation as to its findings related to the exhaustion of state remedies. More specifically, the Court finds that grounds 1(a), 1(g), 1(j), 1(k), 1(l), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,

13, 14, 15, 16, 17, 18, 19, 20, 21(a), 22, 23, 24 and 25 are not exhausted. Although a decision as to these grounds has since been made by the Circuit Court of Berkeley County, the petitioner failed to file an appeal of that decision to the West Virginia Supreme Court of Appeals and the time for doing so has passed. Thus, these claims should be **DISMISSED** with **PREJUDICE**.

Moreover, because the unexhausted claims are dismissed, the Court finds that the petition is no longer a mixed petition and that grounds 1(b), 1(c), 1(e), 1(f), 1(h), 1(i), 17, 18 and 19, which were exhausted on direct appeal and through the petitioner's first state habeas proceeding, are **REMANDED** to the Magistrate Judge for further review. It is further

**ORDERED** that the Opinion/Report and Recommendation of the Magistrate Judge is **VACATED** as to the recommendation that the respondent's Motion to Dismiss [Doc. 15] be granted. Based on intervening circumstances, the respondent's motion is **DENIED** as moot. It is further

**ORDERED** that the petitioner's Motion to Appoint Counsel [Doc. 28-1] is **DENIED** because the petitioner has failed to show circumstances which demonstrate the need for the appointment of counsel.[2] It is further

**ORDERED** that the petitioner's Motion to Adjudicate Federal Habeas [Doc. 28-2] is **DENIED** pending remand to the Magistrate Judge. It is further

---

[2] The authority for a court to appoint counsel in a § 2254 action is discretionary; there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). A Court may appoint counsel to a financially eligible person if justice so requires in a § 2254 action. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A). The appointment of counsel for a petitioner who qualifies under 18 U.S.C. § 3006(A), is only required under § 2254 when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

**ORDERED** that the petitioner's Motion for Enforcement of Due Process Rights [Doc. 31] is **DENIED** as moot since the Circuit Court of Berkeley County has now denied the petitioner's second state habeas petition.

The Clerk shall also transmit copies of this Order to the pro se plaintiff and counsel of record.

**ENTER:** September 18, 2008.

*/s/ Robert E. Maxwell*
UNITED STATES DISTRICT JUDGE