**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JAMES FRANKLIN PIPES,**

 **Petitioner,**

**v.**                                                  **Civil Action No. 2:05cv58**
                                                        **(Judge Maxwell)**

**DAVID BALLARD, Warden,**

 **Respondent.**

**OPINION/REPORT AND RECOMMENDATION ON
THE RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On September 18, 2008, this case was remanded to the undersigned by the Honorable Robert

E. Maxwell, United States District Judge, for further findings on grounds 1(b), 1(c), 1(e), 1(f), 1(h)

1(i), 17, 18 and 19, as enumerated in the first Opinion/Report and Recommendation. See Dckt. 36.

Because the full procedural history of this case is thoroughly laid out in the prior Orders of the Court,

the undersigned will not reiterate it here.

**I.     Petitioner's Conviction and Sentence**

The petitioner was indicted by a Grand Jury sitting in the Circuit Court of Berkeley County

of three counts of sexual abuse by a parent, guardian or custodian and three counts sexual assault in

the second degree. The case proceeded to jury trial on March 14, 2000, where the petitioner was

found guilty of all three counts of sexual abuse by a parent, two counts sexual assault in the second

degree and one count sexual abuse in the first degree, a lesser included offense of the felony charged

in count six of the indictment. See Dckt. 46, Resp't Ex. 16. On June 5, 2000, the petitioner received

a sentence of ten to twenty years on each of the counts one through three, to run concurrent. In

addition, the petitioner received a sentence of ten to twenty years on counts four and five. The

sentences on counts four and five were to run concurrent to each other, but consecutive to the petitioner's sentence on counts one through three. As to count six, the petitioner received a one to five year sentence to run consecutive to his sentence on the other counts. As a result, the petitioner received a total aggregate term of 21-45 years imprisonment.

During his state court post-conviction proceedings, the petitioner argued that his sentence was illegal because he was sentenced under a statute in effect at that time of the conviction, rather than the statute in effect at the time of the crimes. See Dckt. 47 at 20-21. In support of this claim, the petitioner argued that the sentence imposed was more severe than the sentence carried under the statute in effect at the time the crime occurred.[1] Id. On December 1, 2008, the Circuit Court of Berkeley County granted the petitioner relief on this claim and resentenced him to a sentence provided under the law in effect at the time the crimes were committed. Resp't Ex. 16. Specifically, the petitioner was resentenced to five to fifteen years on counts one through three, to run concurrent to each other. Id. at 2. The petitioner was then sentenced to 10-25 years on counts four and five, to run concurrent to each other, but consecutive to the petitioner's sentences on counts one through three. Id. at 2-3. Lastly, the petitioner was sentenced to one to five years on count six, to run consecutive to all other counts. Id. at 3. The petitioner's new aggregate sentence is therefore, 16-45 years.

## II.    Contentions of the Parties

### A.    The Petition

The following claims are before the undersigned for consideration on the merits:

_____

[1] At the time the crimes were committed, the sentence for a conviction of sexual abuse by a parent was 5-15 years, not the 10-20 years to which the petitioner was originally sentenced. Resp't Ex. 16.

(1) Ineffective assistance of trial counsel for

> (b) failing to contact, investigate or secure the attendance of certain key witnesses that Petitioner provided him,

> (c) failing to submit certain jury instructions,

> (e) failing to file a proper motion upon having knowledge that the State failed to surrender full discovery,

> (f) failing to make timely and persuasive objections during trial,

> (h) failing to review the pre-sentence report with Petitioner and raise arguments as to its inaccuracies,

> (i) failing to make proper motions to compel the prosecutor's witnesses to be interviewed prior to trial,

(17) It is reversible and prejudicial error for the Court to allow the State to use 404(b) evidence when the petitioner was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial;

(18) It is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the Federal and West Virginia Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice; and

(19) It is reversible and prejudicial error for the Court to rule that there was sufficient evidence to support a jury finding of sexual intrusion.

**B.   The Respondent's Summary Judgment Motion**

In his motion for summary judgment, the respondent asserts that he is entitled to judgment

as a matter of law because:

(1) the petition asserts claims not cognizable on federal habeas review;

(2) the petitioner has failed to state a claim upon which relief can be granted; and

(3) the petitioner has failed to demonstrate that he is entitled to relief on any of his claims.

## C.    The Petitioner's Response

The petitioner's response to the defendant's motion is in large part, a reiteration of the claims and arguments made in his petition and supplemental pleadings. With respect to any new arguments, or any arguments in response to the respondent's motion, the petitioner asserts:

(1) the respondent's motion fails to comply with Rule 5 of the Rules Governing Section 2254 Proceedings;[2] and

(2) the Court should vacate the petitioner's 1994 Morgan County conviction which was used as improper Rule 404(b) evidence during his 1999 Berkeley County trial, the case for which the instant habeas action arises.[3]

---

[2] This argument has no merit. Rule 5(c) of the Rules Governing Section 2254 Proceedings provides that an answer

> "must indicate what transcripts are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."

Here, the petitioner seems to think that the respondent is required to provide copies of every document related to his state court case, so that the petitioner may use those documents to prove out his case. That is simply not required under any applicable rule. The burden of proving his claims falls to the petitioner. Additionally, the respondent is only required to provide those portions of the state court record that he deems relevant. The respondent has done that in this case. And, although the Court may request additional records, in this case, that is not necessary. The undersigned finds that the record, as it now stands, is adequate for the Court to adjudicate the petitioner's claims, and no further records need be provided at this time.

[3] This argument is clearly without merit. The state court judgment and conviction currently before the Court for review under federal habeas is the petitioner's Berkeley County conviction in case number 99-F-180. This court does not have jurisdiction to review the petitioner's Morgan County case in this proceeding,

# III.   Standards of Review

## A.   Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere

---

even if it was used during the petitioner's Berkeley County trial as Rule 404(b) evidence. The petitioner cannot bootstrap review of one state court conviction during the court's review of another conviction. Moreover, the Court notes that the petitioner was convicted in Morgan County in 1995. Thus, to the extent that this court could review that case, the petitioner would first have to contend with § 2254's one-year statute of limitations for seeking federal habeas review.

speculation.  <u>Anderson</u>, 477 U.S. at 248.  It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-588 (1986).

## B.   <u>Federal Habeas Review Under 28 U.S.C. § 2254</u>

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."  <u>Thomas v. Taylor</u>, 170 F.3d 466, 475 (4th Cir. 1999).  When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law.  <u>Bell v.</u>

Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001) (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). "In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they

are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Consequently, the State's findings of fact and conclusions of law are due the appropriate deference.

## IV.  Analysis

Although *pro se* petitions are to be liberally construed as set forth in Haines v. Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. *Id.*

### A.  Ground One (1) - Ineffective Assistance of Counsel

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." *Id.* at 689-90. Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.*

A review of the state court's order denying the petitioner's grounds of ineffective assistance of counsel shows that the state court considered the petitioner's claims under the appropriate standard of review.  See Dckt. 15 , Ex. 7 at 3 (citing Strickland v. Washington, supra).  Moreover, the state court found that the petitioner's claims were without merit.  With regard to each of the remaining claims of ineffective assistance of counsel, the undersigned finds that the petitioner fails to demonstrate that the state court arrived at a conclusion that was contrary to or an unreasonable application of federal law.  Further, he fails to prove that the state court unreasonably determined the facts when analyzing his claims.  Consequently, for the reasons set forth more fully below, the remaining claims of ineffective assistance of counsel, grounds 1(b), 1(c), 1(e), 1(f), 1(g) and 1(i), should be denied.

**1(b).  Failing to Contact, Investigate or Secure Attendance of Certain Key Witnesses**

In this ground, the petitioner asserts that Marie Cummings, a social worker for the Department of Health and Human Resources, should have been called as a witness.  Petition at 16.  The petitioner asserts that Ms. Cummings visited the family on a regular basis during the time of the alleged crime.  Id.  According to the petitioner, Ms. Cummings told the petitioner's wife that based on her observations, there was nothing wrong in the relationship between the petitioner and his stepdaughter (the victim), and that she did not believe anything bad had happened between them. Id.

In addition, the petitioner asserts generally, that he provided counsel with a list of witnesses whom the petitioner believed would offer favorable testimony at trial.  Id. at 19.  The petitioner asserts that counsel did not contact those persons, failed to hire an investigator to find those persons and failed to secure their presence at trial.  Id.

With regard to Marie Cummings, the state habeas court found that the petitioner mentioned

Ms. Cummings as a potential witness to cast doubt upon the truth of the victim's allegations. Dckt. 16, Ex. 7 at 4. However, the state court found that the petitioner failed to show sufficient evidence that Ms. Cummings had any information that was either dispositive or exculpatory. *Id.* Thus, the state court found that Ms. Cummings would be nothing more than a character witness and that the decision to call her as a witness was therefore, within counsel's discretion, and not ineffective. *Id.*

Much like in his state habeas proceedings, the petitioner asserts in his federal habeas petition that Ms. Cummings could have cast doubt on the veracity of the victim's allegations. The petitioner asserts that Ms. Cummings told his wife that she did not believe anything had happened between the victim and the petitioner. However, the petitioner relies on a statement that Ms. Cummings allegedly made to a third party. Moreover, the petitioner does not provide, through affidavit or otherwise, evidence that Ms. Cummings actually made this statement or that she would have so testified at trial. Thus, this claim is based on nothing but hearsay and speculation and is therefore insufficient to prove that counsel was deficient for not calling Ms. Cummings as a witness. Nonetheless, even if counsel should have called Ms. Cummings as a witness, the petitioner has not shown, in light of the testimony at trial, that the outcome of the proceedings would have been different.

With regard to the petitioner's claim that counsel failed to contact, investigate or secure the presence of a list of witnesses whom the petitioner believed would offer favorable testimony at trial, the petitioner provides insufficient facts to support this claim. The petitioner does not say who the potential witnesses were, what testimony they could have given, or how that testimony would have been favorable to him at trial. In addition, the petitioner has provided no evidence, by affidavit or otherwise, that those witnesses would have testified at trial in the manner in which the petitioner's believes. Therefore, the petitioner has again, failed to show sufficient evidence that counsel was

deficient for not contacting, investigating or securing the testimony of the list of witnesses the

petitioner allegedly gave him. Moreover, even if counsel should have contacted those witnesses,

the petitioner has failed to specifically show how the outcome of the proceedings would have been

different.

### 1(c).  Failing to Submit Certain Jury Instructions

In this ground, the petitioner asserts that counsel failed to submit jury instructions that

included a "Perry instruction" as per State v. McPherson, 371 S.E.2d 331 (W.Va. 1988); State v.

Payne, 280 S.E.2d 72 (W.Va. 1982); State v. Ray, 298 S.E.2d 921 (W.Va. 1982).  Petition at 19.

However, the petitioner does not explain what a "Perry instruction" is,[4] why it should have been

included in the jury instructions, or how such an instruction would have affected the outcome of the

proceedings.  Accordingly, the petitioner has failed to show that counsel was deficient for not

requesting a "Perry instruction."  Moreover, even if counsel should have requested such an

instruction, the petitioner has also failed to show that the instruction would actually have been given

or that giving the instruction would have affected the outcome of the trial.

Additionally, the undersigned notes that "normally . . . instructions to the jury in state trials

are matters of state law and procedure not involving federal constitutional issues."  Grundler v. North

---

[4] In State v. Payne, 280 S.E.2d at 259-260, the undersigned notes that the court discusses the case of
State v. Perry, 41 W.Va. 641, 24 S.E. 634 (1896).  In that case, the defendant had been accused of rape.  The
only testimony indicating that the defendant was the perpetrator of the crime was the victim's testimony,
which was contradicted by the defendant's testimony.  The trial court refused to instruct the jury that "if they
believe from the evidence in the case that the crime charged against the defendant rests alone on the testimony
of the prosecuting witness . . . then they should scrutinize her testimony with care and caution."  On appeal,
the West Virginia Supreme Court of Appeals found that the refusal to give the instruction was in error
because: "In the trial of all felony cases, the jury should scrutinize the testimony of al contradicted and
uncorroborated witnesses with care and caution.  This instruction propounds a general principle of law, is
unobjectionable, and should have been given, as it leaves the weight of the testimony entirely with the jury,
and relates only to the proper discharge of the duty they owe to the accused and the state alike."

<u>Carolina</u>, 283 F.2d 798, 802 (4th Cir. 1960).  To state a federal constitutional claim with regard to a jury instruction, a petitioner must show that the failure to give the instruction rendered the trial fundamentally unfair.  <u>Nickerson v. Lee</u>, 971 F.2d at 1138 ("Failure to give an appropriate . . . instruction, without more, is not a violation of the Due Process Clause.  Some other circumstances, demonstrating a serious miscarriage of justice, must be present.").  Here, the petitioner merely asserts that the instruction should have been given.  The petitioner does not allege, much less establish, that the failure to give the instruction rendered his trial fundamentally unfair.

**1(e).  <u>Failing to File Proper Motion After State Failed to Surrender Full Discovery</u>**

In this ground, the petitioner simply asserts that "counsel failed to file a proper Motion upon having knowledge that the state had failed to surrender full discovery."  Petition at 20.  In <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), the Supreme Court of the United States found that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  <u>Brady</u> does not, however, create a constitutional right to discovery.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59-60 (1987) (quoting <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977)).  In order to establish a <u>Brady</u> violation, the defendant must show that had the evidence been disclosed to the defense, the outcome of the proceedings would have been different.  <u>Ritchie</u> at 57 ("evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.")(internal quotations omitted).

Here, the petitioner merely asserts that the state failed to surrender full discovery.  The

petitioner asserts nothing else in relation to this claim. The petitioner does not assert what discovery was not surrendered, what motion counsel should have made, or how either the failure to surrender full discovery, or the failure to make a motion as to the same, affected the outcome of his trial. Accordingly, the petitioner has established neither that the state did not fully surrender all discovery, nor that counsel was deficient for failing to file a motion as to the same.

**1(f).  Failing to Make Timely and Persuasive Objections During Trial**

In this ground, the petitioner argues that counsel "merely [made] routine objections that minimized the effectiveness of his objections, resulting in the Judge not properly ruling upon prejudicial and improper comments made by prosecutor in reference to alleged confession that Petitioner made to his wife." Petition at 20. In addition, the petitioner asserts that counsel failed to object to hearsay evidence given by petitioner's wife on page 130, lines 19-21 of the trial transcript. *Id.* The petitioner asserts that "third party statements about an alleged sexual crime which name alleged perpetrator are inadmissible except under excited utterance rule." *Id.*

A review of page 130, lines 19-21 do not reveal any hearsay statement by his wife about the petitioner being the alleged perpetrator of a sex crime. However, the Court notes three instances of which the petitioner may be referring. The first instance is on page 129, lines 19-24 and page 130, line 1. At that time, the prosecutor asked Mrs. Pipes what happened during the victim's visit with her biological father on August 13, 1999. Mrs. Pipes replied:

A. On the 13th of August, [HNR][5] went to Debbie Alexander and alleged Mr. Pipes had been molesting her over the past three or four or five years.

---

[5] Because the victim in this case was a minor, the undersigned will refer to her by her initials, HNR.

The second instance occurs during re-direct examination on page 139 at lines 18-24.

Q. I am confused about something you said. Did HNR ever come to you relating to the Morgan County incident and say this incident never happened?

A. No, ma'am, she did not. She never came to me and said this never happened. She came and said that some of the things that was released in the paper didn't happen.

The third instance occurs further in the re-direct examination on page 140 at line 24 and on page 141 at lines 1-3.

Q. So at that time[,] were you aware that he (the petitioner) made a statement that he admitted in that instance (the Morgan County case)[,] that contact had occurred between him and HNR?

A. I believe so, yes.

Assuming that these statements constitute impermissible hearsay evidence, the petitioner fails to show how he was prejudiced by counsel's failure to object to them. As to the first two instances, these facts were testified to by the victim during her testimony. See Dckt. 51, Resp't Ex. 12, Trial Transcripts (hereinafter "Tr.Trans.") at 112, 115, 118-119. As to the third instance, the petitioner's plea of no contest to the Morgan County conviction was introduced as Rule 404(b) evidence at trial.

**1(h). <u>Failing to Review the PSR and Raise Arguments as to its Inaccuracies</u>**

In this ground, the petitioner asserts that "counsel failed to review the Pre-sentence report ("PSR") with [him] and [failed to] raise arguments on its inaccuracies." Petition at 20. The petitioner does not assert what inaccuracies the PSR contained, the arguments counsel should have raised, or how the failure of counsel to review the PSR and object to its inaccuracies affected the outcome of the proceedings. Accordingly, the petitioner has failed to establish that counsel was

deficient in this regard. Moreover, the petitioner has failed to show how he was prejudiced by the alleged deficiency.

**1(i). Failing to Make Proper Motions to Compel Witnesses be Interviewed Before Trial**

In this ground, the petitioner simply asserts that "counsel failed to make proper motions to the Judge to compel prosecutor's witnesses to be interviewed by the defense before trial when he knew the prosecutor had threatened Petitioner's wife with imprisonment if she talked to Petitioner or his Counsel before trial, and if she talked to Petitioner for a whole year." Petition at 21. The petitioner does not assert why it was necessary for counsel to interview this witness prior to trial if counsel was already aware of the threats, how that would have changed his cross-examination of the petitioner's wife, or how having interviewed the petitioner's wife prior to her testimony at trial would have affected the outcome of the proceedings.

To the extent that the petitioner asserts that counsel should have interviewed the other prosecution witnesses prior to trial, the petitioner asserts absolutely no evidence to support that claim. The petitioner does not allege what questions counsel should have asked, how that would have changed his cross-examination of those witnesses, or how having interviewed those witnesses prior to trial would have affected the outcome of the proceeding. Accordingly, the petitioner has failed to show that counsel was deficient for failing to interview the prosecution's witnesses prior to trial or that the petitioner suffered any prejudice as a result of counsel's alleged failure in this regard.

**B. Ground Seventeen (17)**

In this ground, the petitioner asserts that it is "reversible and prejudicial error for the Court to allow the State to use 404(b) evidence when [the petitioner] was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial." Petition at 33. In

support of this ground, the petitioner asserts that on October 27, 1999, the day after the petitioner's arraignment, the trial court ordered the state to provide discovery that day. *Id.* The state did so. *Id.*

However, the petitioner asserts that in paragraph 15 of trial counsel's motion for discovery, counsel specifically requested notice of intent to use collateral crime evidence. *Id.* The request also specifically sought "information as to conduct, times, dates, places and persons present and a statement of the state's theory of admissibility with respect to each item of 404 (b) evidence." *Id.* The petitioner concedes that in response to the Court's order of October 27, 1999, the State provided defense counsel with a copy of the petitioner's Morgan County plea agreement. *Id.* at 33-34. However, the petitioner argues that the State provided no information as to how it would use such information, the purpose of the information, nor any statement of the State's theory of admissibility. *Id.* at 34. Based on these circumstance, the petitioner argues had trial counsel been provided with a proper and complete notice as requested, trial counsel would have been able to obtain "critical information concerning intended use, and would have been in a much better position to present evidence and argue against admissibility at pretrial hearing." *Id.*

Nonetheless, the petitioner fails to identify the "critical information" trial counsel could have discovered and how trial counsel could have used that evidence to bar admission of the collateral crimes evidence. In addition, the petitioner concedes that counsel objected to the admission of such evidence on this basis. *Id.* at 34-35. Counsel's objection was overruled. *Id.* at 35. Specifically, the Court found that the State had timely complied with its discovery order and that the information provided by the State had put defense counsel on notice that it intended to use such information. *Id.* Thus, the Court found the collateral crime evidence admissible to show the petitioner's lustful disposition toward the victim. *Id.*

The petitioner asserts that this was in error because the Court treated the issue as a discovery matter instead of Rule 404(b) matter. *Id*. at 36. Specifically, the petitioner argues that the issue was whether the prosecution had timely and appropriately complied with the requirements of Rule 404(b). *Id*. The petitioner asserts that he was prejudiced because even if counsel could have anticipated the State's use of this information, he could not have anticipated the purpose. *Id*. Moreover, the petitioner asserts that knowing the purpose of the information would have affected defense counsel's consideration of what witnesses to call and how to properly argue as to its admissibility. *Id*.

The petitioner raised this issue on direct appeal of his conviction and sentence. Resp't Ex. 4. The petitioner's direct appeal was refused. Resp't Ex. 5. Thus, although the West Virginia Supreme Court of Appeals did not address the merits of this claim, it's *de facto* affirmation is still entitled to a presumption of correctness. See Bell v. Jarvis, 236 F.3d at 158-60.

In this ground, the petitioner essentially argues that the trial court made an improper evidentiary ruling, or in the alternative, that the trial court did not follow the correct procedural process under Rule 404(b) of the West Virginia Rules of Criminal Procedure. Such evidentiary and state procedural issues do not rise to the level of a constitutional violation unless the petitioner can show that the ruling "offends . . . some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Patterson v. New York, 432 U.S. 197, 202 (1977) (citations omitted). The petitioner has made no such show showing. Thus, this an issue of state law for which, in summarily refusing the petitioner's direct appeal, the West Virginia Supreme Court of Appeals found meritless. Accordingly, this ground is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) (A federal habeas petition may be entertained only on the ground that a

petitioner is in custody in violation of the Constitution or laws or treaties of the United States); Wainwright v. Goode, 464 U.S. 78, 83 (1983) (*per curiam*) ("federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension" . . . "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

## C.   Ground Eighteen (18)

In this ground, the petitioner asserts that "it is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the Federal Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice." Petition at 36. The petitioner asserts that the Court never made such a determination. *Id*. at 37. Instead, the petitioner asserts that the state court determined that the prior conviction was admissible to show a lustful disposition because both the prior case, and the current case, involved the sexual abuse of the same child by the same defendant. *Id*. at 38. The petitioner concedes that the Court's ruling meets the first and second prongs of Rule 403 because it found that the prior case was relevant and was being offered for a proper purpose. *Id*. Moreover, the petitioner concedes that the trial court agreed to give a limiting instruction and did so at trial. *Id*. The petitioner argues however, that because the state court did not note on the record that it weighed the probative value of the prior conviction against the prejudicial nature of that conviction, it was improperly admitted under Rule 403. *Id*. In addition, the petitioner asserts that had it done so, the state court would have found that the prejudicial impact of the prior conviction outweighed its probative value. *Id*. at 38-39.

The petitioner raised this issue on direct appeal of his conviction and sentence. Resp't Ex. 4. The petitioner's direct appeal was refused. Resp't Ex. 5. Thus, although the West Virginia

Supreme Court of Appeals did not address the merits of this claim, it's *de facto* affirmation is still entitled to a presumption of correctness. See Bell v. Jarvis, 236 F.3d 158-60.

In this ground, the petitioner argues that the State did not fulfill the requirements of one of its own rules of evidence. On direct appeal, the West Virginia Supreme Court of Appeals implicitly found this ground meritless. Because it is not the province of a federal habeas court to second guess the state court on matters of state law, this ground should be denied.[6] See Estelle v. McGuire, 502 U.S. 62, 68 (1991) (violations of state law do not state claims cognizable by federal courts); see also Burgett v. Texas, 389 U.S. 109, 113-14 (1967) ("We do not sit as a court of criminal appeals to review state cases. The States are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution.").

**D.  Ground Nineteen (19)**

In this ground, the petitioner asserts that "it is reversible and prejudicial error for the Court to rule that there was sufficient evidence to support a jury finding of sexual intrusion pursuant to West Virginia Code 61-8B-4, second degree sexual assault under counts four and five of the indictment." Petition at 39. Specifically, the petitioner argues that forcible compulsion is an element of second degree sexual assault and that the state failed to provide any evidence of forcible compulsion. *Id*. at 39-40. Therefore, the petitioner asserts that his motions for judgment of acquittal on these counts should have been granted. *Id.* at 41.

In addition, the petitioner asserts that under W.Va. Code 61-8B-1(8), sexual intrusion is

_____

[6] With regard to this claim, the petitioner alleges no constitutional violation, nor has he shown that the state court's failure to follow its own procedural rule rendered the petitioner's trial fundamentally unfair. See Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008) (quoting Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000) ("we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.").

defined as "any act between persons involving penetration, however, slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." *Id.* at 41. The petitioner asserts that the victim's testimony was that he inserted his fingers into her vagina. *Id.* It appears, that the petitioner believes that his fingers are not "objects" for purposes of the statute. *Id.* Moreover, the petitioner finds something nefarious in the Court's omission of the words "an object" in its instructions to the jury. *Id.* Therefore, the petitioner asserts that at best, the State proved sexual abuse, which is the "intentional touching . . . of . . . any part of the sex organs of another person," and that his motion for judgment of acquittal should have been granted. *Id*. at 41-42.

The petitioner raised this issue on direct appeal of his conviction and sentence. Resp't Ex. 4. The petitioner's direct appeal was refused. Resp't Ex. 5. Thus, although the West Virginia Supreme Court of Appeals did not address the merits of this claim, it's *de facto* affirmation is still entitled to a presumption of correctness. See Bell v. Jarvis, 236 F.3d 158-60.

When reviewing a claim of the sufficiency of the evidence in federal habeas review, the district court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

1.   Forcible Compulsion

At the time of petitioner's trial, forcible compulsion was defined as "physical force that overcomes such earnest resistance reasonably expected under the circumstances or fear by a child under 16 years of age caused by intimidation express or implied by another person four years older than the victim. For purposes of this definition[,] resistance includes physical resistence or any clear

communication of the victim's lack of consent." Tr. Trans. (Ex. 13) at 12-13.

Several issues are not contested as to this ground. First, it is undisputed that the victim was less than 16 years old at the time of the crime and that the petitioner was more than four years older than her. Second, it is undisputed that during her testimony the victim stated that during the assaults she was not verbally threatened. Tr.Trans. (Ex. 12) at 114.

However, the victim also testified that the petitioner called her away from everyone else in the house, that he was on top of her and that he started touching her in places where he should not be touching her. *Id.* at 105. The victim further testified that during these assaults she could not move and that she was scared. *Id.* The victim testified that the same thing happened on other occasions. *Id.* at 106. At the time these events took place, the victim testified that she was only 11 or 12 years old. *Id.* Afterwards, the petitioner would ask the victim if she was mad at him. *Id.* at 108. The victim testified that these assaults scared her and that she thought she did something wrong. *Id.* Moreover, the victim testified she was scared to tell anyone about the incidents because her mom was ill, the family was having financial troubles and was dependent on the petitioner for financial support and that she was not sure anyone would believe her. *Id.* Therefore, the victim testified that although she was not verbally threatened, she felt threatened nonetheless. *Id.* at 114.

Based on the victim's testimony alone, there was clearly sufficient evidence to allow the case to go to the jury. Although the victim was not verbally threatened, she was only 11 or 12 years old at the time of the events. She was held down so that she could not move and the petitioner placed his hands in her pants and on at least two occasions, inserted his fingers in her vagina. Tr.Trans. (Ex. 12) at 105. The victim, a child, had an ill mother and knew that the family was suffering from

financial troubles. From her previous experience,[7] she knew if she told, the petitioner would be removed from the household. *Id*. at 109-111.

The uncorroborated testimony of one single witness is sufficient to support a guilty verdict. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997); (United States v. Gabe, 237 F.3d 954, 961 (8th Cir. 2001). Here, the jury, after hearing all of the testimony, found that the essential elements of the crime existed. It is not the job of this court on federal habeas review to re-weigh the evidence or redetermine the credibility of the witnesses. See Wright v. West, 505 U.S. 277, 296 (1992). A federal habeas court merely reviews the evidence, in the light most favorable to the prosecution, to determine whether "no rational trier of fact could have found proof beyond a reasonable doubt." Jackson, 443 U.S. at 324. Considering the evidence in that manner, the undersigned finds that the evidence is more than sufficient to establish forcible compulsion and to sustain the jury's finding of guilt.

2. Sexual Intrusion

As noted by the petitioner, at the time of his trial, sexual intrusion was defined by W.Va. Code 61-8B-1(8) as "any act between persons involving penetration, however, slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party." Moreover, as previously noted, at trial, the victim testified that the petitioner put his hands down her pants, and on two occasions, inserted his fingers in her vagina. Tr.Trans. (Ex. 12) at 105. Inexplicably, the petitioner argues that his fingers are not "objects." This argument is clearly meritless. Under Jackson, supra,

---

[7] The victim in the Berkeley County case, HNR, was also the victim in the Morgan County case, wherein the petitioner pleaded no contest to charges of sexual abuse by a parent. See Dckt. 42, Resp't Ex. 11.

there is more than sufficient proof to establish that the petitioner inserted an "object" into the victim's female sex organ and to sustain the jury's finding of guilt.

## V.   Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion for Summary Judgment (dckt. 46) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH PREJUDICE** from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

Dated: February 12, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE