# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES FRANKLIN PIPES,**

    **Petitioner,**

v.                                                **Civil Action No. 2:05 CV 58**
                                                                                 **(Maxwell)**

**THOMAS MCBRIDE,**

    **Respondent.**

## ORDER

The *pro se* Petitioner, James Franklin Pipes, initiated this case on July 25, 2005, by filing a Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus By A Person In State Custody. The case was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Standing Order No. 2 and Local Rules of Prisoner Litigation Procedure Rule 83.13, *et seq*.

On January 17, 2007, Magistrate Judge Kaull issued an Opinion/Report And Recommendation in which he recommended that the Petitioner's Petition For A Writ Of Habeas Corpus be dismissed without prejudice for the failure to properly exhaust state remedies. Moreover, Magistrate Judge Kaull recommended that a stay and abeyance to exhaust said procedures not be granted because the petitioner could not meet the requirements for such stay.

Specifically, Magistrate Judge Kaull found in his January 17, 2007, Opinion/Report And Recommendation that the Petitioner had raised the following claims in his federal habeas petition:

    (1) Ineffective assistance of trial counsel for

(a) failing to ask proper questions of prosecution and defense witnesses,

(b) failing to contact, investigate or secure the attendance of certain key witnesses that Petitioner provided him,

(c) failing to submit certain jury instructions,

(d) failing to make a motion for discovery of potential jurors and review the list and indictment with Petitioner,

(e) failing to file a proper motion upon having knowledge that the States failed to surrender full discovery,

(f) failing to make timely and persuasive objections during trial,

(g) failing to object to hearsay evidence given by Petitioner's wife,

(h) failing to review the presentence report with Petitioner and raise arguments as to its inaccuracies,

(i) failing to make proper motions to compel the prosecutor's witnesses to be interviewed prior to trial,

(j) failing to move the court to permit Petitioner and the alleged victim to submit to timely forensic psychological evaluation,

(k) failure to move the Court to have the alleged victim submit to a psychological evaluation to assess her competency, credibility and the veracity of her allegations, and

(l) failing to sufficiently meet with Petitioner and prepare the case for trial.

(2) Accumulation of error on the part of trial counsel amounts to ineffective assistance of counsel;

(3) Conviction obtained by use of coerced confession and statements taken by police with regard to an improper police interrogation in Morgan County case 94-F-21;

(4) Conviction obtained by use of coerced confession and statements taken by police with regard to improper police interrogation used in present case 99-F-180;

(5) Conviction obtained by use of coerced plea bargain;

(6) Conviction obtained by prosecutor misstatements and misconduct with regard to

    (a) statement that Petitioner pled guilty in case 94-F-21,

    (b) statement that Petitioner admitted to being involved in the alleged crime in the first place,

    (c) statement that Petitioner's wife said it happened in Morgan County,

    (d) allowing witnesses to make inflammatory and prejudicial remarks about Petitioner,

    (e) deliberate attempt to make it look like Elizabeth Pipes could not have been in the apartment at the time of the alleged crime,

    (f) statements about a note that was not introduced into evidence, and

    (g) statement that there were no other non-biological girls in the household;

(7) Prosecutors' arrest of Petitioner's wife to force her not to talk to the Petitioner or his counsel prior to trial;

(8) Conviction obtained due to petitioners' being incompetent to stand trial;

(9) Conviction obtained by judicial error and misconduct;

(10) It is reversible error for the court to allow a prior confession as evidence in a criminal trial without first conducting a voluntariness hearing;

(11) It is reversible and prejudicial error for the Court to allow incriminating statements into evidence without an in camera voluntariness hearing;

(12) It is reversible and prejudicial error of the Court to allow an alleged victim to testify without first submitting her to a psychological evaluation to assess the competency, credibility and veracity of her allegations;

(13) It is reversible and prejudicial error of the Court to allow a plea agreement to be admitted as evidence without a voluntariness hearing out of the presence of the jury;

(14) It is reversible and prejudicial error of the Court to allow the prosecutor to blatantly and willingly misstate the truth to get a conviction and to coerce witnesses for their testimony;

(15) It is reversible and prejudicial error for the court to allow a defendant to stand trial when the defendant is not mentally capable of defending himself;

(16) It is reversible and prejudicial error for the Court to allow hearsay testimony into evidence in a criminal trial;

(17) It is reversible and prejudicial error for the Court to allow the State to use 404(b) evidence when the Petitioner was not notified of the State's intent to use such evidence until the day of the pretrial hearing, four days prior to trial;

(18) It is reversible and prejudicial error for the court to allow the admission of 404(b) evidence without a determination by the court under Rule 403 of the Federal and West Virginia Rules of Evidence that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice;

(19) It is reversible and prejudicial error for the Court to rule that there was sufficient evidence to support a jury finding of sexual intrusion;

(20) Petitioner received ineffective assistance of trial counsel for

    (a) encouraging prejudicial and inflammatory testimony from Barbara Alexander,

    (b) failing to submit a motion to court for hearing, out of presence of jury, to weigh probative value of 404(b) evidence against potential unfair prejudice and/or otherwise object to the Court's failure to weigh such evidence, and

(c) failed to object to misconduct and misstatements made by prosecutor;

(21) conviction obtained by prosecutor misstatements and misconduct with regard to

(a) condemning Petitioner in the eyes of the jury by apologizing for petitioners' behavior, and

(b) vouching for the credibility of alleged victim and other witnesses;

(22) It is reversible and prejudicial error for the trial judge to show unwarranted disdain and prejudice against the Petitioner;

(23) Accumulation of error by the court, the prosecutor, and his own counsel throughout the trial and sentencing constitutes reversible error;

(24) Petitioner received ineffective assistance of appellate counsel for

(a) failing to assert all grounds Petitioner explained to him,

(b) failing to properly investigate the case and find all the constitutional violations,

(c) failing to assert sentencing errors based on the date of the alleged crime,

(d) failing to hire an investigator to find a witness named Marie Cummings,

(e) failing to submit a motion for an independent psychiatric evaluation to determine if Petitioner was mentally able to stand trial or to participate in post trial proceedings,

(f) failing to get copies of indictment, status hearings, arraignments or any investigations from Berkeley County or Morgan County cases and go over them with Petitioner to see if he was telling the truth,

(g) failing to argue trial counsel's failure to submit a motion for hearing on voluntariness of confession and plea agreement made in Morgan County and used to convict petitioner in Berkeley County,

5

(h) failing to argue trial counsel's failure to submit motion for hearing to weigh probative value against potential for unfair prejudice of 404(b) evidence,

(i) failing to argue trial counsel's failure to submit a motion for voluntariness hearing of statement made by Petitioner to Trooper Boober and Mr. Ashworth in case 99-F-180, and

(j) failing to argue trial counsel's failure to object to hearsay evidence, prosecutor misconduct and misstatements, and other court error;

(25) Petitioner has been denied his right to due process of law due to judicial indiscretion of first habeas corpus judge.

Moreover, with regard to the exhaustion of administrative remedies, Magistrate Judge Kaull specifically found:

- Grounds 17, 18 and 19 were raised on direct appeal and are exhausted. However, the Petitioner also raised those grounds in his second state habeas petition. Therefore, the Petitioner still has a potential remedy available in state court with regard to these claims.

- Grounds 1(b), 1(c), 1(e), 1(f), 1(h), and 1(i) were raised in the Petitioner's first state habeas petition and are exhausted. Petitioners' first state habeas petition was denied on the merits. Petitioner appealed that decision and his appeal was denied. Therefore, these grounds are exhausted.

- Grounds 1(a), 1(g), 1(j), 1(k), 1(l), 2, 3, 4, 5, 6(a), 6(b), 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21(a), 22, 23, 24 and 25 were raised in the Petitioner's second state habeas and are not exhausted. The Petitioner's state habeas petition is still pending before the Circuit Court of Berkeley County, thereby making remedy still available in the Court of the State.

- Grounds 6(c), 6(d), 6(e), 6(f), 6(g) and 6(b) were not raised in any of the Petitioner's prior state proceedings. Accordingly, those claims have not been exhausted. However, because the Petitioner's second state habeas is pending, the Petitioner may still have remedy available in State court.

Additionally, Magistrate Judge Kaull examined the Petitioner's request for a stay and abeyance pending exhaustion of his state court remedies. In doing so, Magistrate

6

Judge Kaull found that the Petition in this case was indeed a "mixed petition," meaning it contained both exhausted and unexhausted claims, but that the Petitioner still had 117 days remaining on his one-year time limitation for filing a federal habeas petition. Therefore, Magistrate Judge Kaull determined that the Petitioner could not meet the requirements for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005).

Based on the above-mentioned findings, Magistrate Judge Kaull recommended that the Respondent's Motion To Dismiss for the failure to exhaust be granted; that the Petitioner's request for a stay and abeyance be denied; and that this case be dismissed without prejudice to the Petitioner's right to renew his claims following the proper exhaustion of state remedies.

On January 24, 2007, the Petitioner filed a Motion For Extension Of Time On Judge Kaull's Recommendation wherein he requested up to and including February 15, 2007, to file objections. On February 2, 2007, the Petitioner filed objections with the understanding that his motion to extend time had not been granted.

On February 8, 2007, the Court granted the Petitioner up to and including March 1, 2007, to file any additional objections he may have to Magistrate Judge Kaull's Opinion/Report And Recommendation. On February 27, 2007, the Petitioner again objected to said Opinion/Report And Recommendation.

On March 27, 2007, the Petitioner filed a Motion To Inform Court Of Exhaustion Of State Remedies And To Move Court To Adjudicate Federal Habeas. In the Motion, the Petitioner advised the Court that on March 23, 2007, he had received an Order from the Circuit Court of Berkeley County dismissing his second state habeas petition. A copy of the Circuit Court's Order was attached to said motion.

7

Upon a review of the case at that time, the Court determined that merely because the Petitioner's second state habeas petition had been denied by the Circuit Court, the Petitioner had not necessarily shown that the claims raised in his second state habeas petition had been exhausted. The Court noted that, pursuant to West Virginia law, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction and sentence or in a post-conviction state habeas corpus proceeding, *followed by an appeal to the West Virginia Supreme Court of Appeals. Id. citing* Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); Bayerle v. Godwin, 825 F.Supp. 113, 114 (N.D.W.Va. 1993) (emphasis added). Because it was unclear whether the Petitioner had filed an appeal of the denial of his second state habeas petition, on September 26, 2007, the Court directed the Petitioner to file a verified affidavit confirming that such an appeal was filed.

On October 5, 2007, the Petitioner filed a response to the Court's Order of September 26, 2007. In his response, the Petitioner stated that he did not file an appeal of the denial of his second state habeas petition. Instead, the Petitioner stated that he had previously requested review of these claims in the West Virginia Supreme Court of Appeals during his appeal of the denial of his first state habeas corpus petition, by way of a Motion to Amend said appeal. The Petitioner asserted that although the West Virginia Supreme Court of Appeals refused to allow him to amend his appeal at that time, the Court was given the opportunity to review the claims raised in his second state habeas petition, but refused to do so. Therefore, the Petitioner argued that, regardless of whether he had filed an appeal of the denial of his second state habeas petition, the

8

West Virginia Supreme Court of Appeals had had the opportunity to review the claims raised in that petition on the merits and those claims were exhausted.

Due to circumstances occurring after the filing of Magistrate Judge Kaull's January 17, 2007, Opinion/Report and Recommendation, the Court, by Order entered September 18, 2008, vacated said Opinion/Report and Recommendation to the extent that it found that the Petition was a mixed Petition due to the Petitioner's pending state habeas petition; adopted the Magistrate Judge's Opinion/Report and Recommendation as to its findings related to the exhaustion of state remedies; and dismissed grounds 1(a), 1(g), 1(j), 1(k), 1(l), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21(a), 22, 23, 24 and 25 with prejudice in light of the fact that they had not been exhausted and in light of the fact that the time for filing the appeal necessary to exhaust said grounds had already passed.

Moreover, the Court in its September 18, 2008, Order found that, in light of the dismissal of the unexhausted claims, the Petition was no longer a mixed Petition. Accordingly, the Court remanded grounds 1(b), 1(c), 1(e), 1(f), 1(h), 1(i), 17, 18 and 19, which had been exhausted on direct appeal and through the Petitioner's first state habeas proceeding, to Magistrate Judge Kaull for further review.

The Court's September 18, 2008, Order also vacated Magistrate Judge Kaull's January 17, 2007, Opinion/Report And Recommendation insofar as said Opinion/Report And Recommendation recommended that the Respondent's Motion To Dismiss be granted and, instead, denied said Motion To Dismiss as moot.

Finally, the Court's September 18, 2008, Order denied the Petitioner's Motion To Appoint Counsel; denied the Petitioner's Motion To Adjudicate Federal Habeas pending

remand to the Magistrate Judge; denied the Petitioner's Motion For Enforcement Of Due Process Rights as moot in light of the fact that the Circuit Court of Berkeley County had denied the Petitioner's second state habeas petition.

Following entry of the Court's September 18, 2008, Order, Magistrate Judge Kaull, by Order entered September 23, 2008, gave the Respondent forty-five days in which to file a response to the Petition addressing the merits of grounds 1(b), 1(c), 1(e), 1(f), 1(h), 1(i), 17, 18 and 19.

Following the November 10, 2008, grant of an extension of time until December 7, 2008, in which to file its response, the Respondent's Answer was filed on December 8, 2008. Also filed by the Respondent on December 8, 2008, was a Motion For Summary Judgment and a Memorandum Of Law In Support thereof.

By Roseboro Notice issued December 10, 2008, the Petitioner was given thirty days from the date of entry thereof in which to file his opposition to the Respondent's Motion For Summary Judgment. Following the entry of a January 8, 2009, Order granting him an extension of time until February 10, 2009, in which to file his opposition to the Respondent's Motion For Summary Judgment, the Petitioner's Reply To Respondent's Answer was filed on February 6, 2009.

On February 13, 2009, Magistrate Judge Kaull issued an Opinion/Report And Recommendation On The Respondent's Motion For Summary Judgment in which he recommended that the Respondent's Motion for Summary Judgment be granted and that the Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

The Petitioner's Objection To The Magistrate Judge's Opinion Report Recommendation On The Respondent's Motion For Summary Judgment was filed on February 26, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of Magistrate Judge Kaull's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of Magistrate Judge Kaull as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1980); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). As previously noted, the petitioner timely filed his Objection To The Magistrate Judge's Opinion Report Recommendation On The Respondent's Motion For Summary Judgment on February 26, 2009. Accordingly, this Court has conducted a *de novo* review only as to the portions of the Opinion/Report And Recommendation to which the Petitioner objected. The remaining portions of the Opinion/Report And Recommendation to which the Petitioner did not object were reviewed for clear error.

Upon examination of Magistrate Judge Kaull's Opinion/Report And Recommendation, it appears to the Court that the issues raised by the Petitioner in his Objection were thoroughly considered by Magistrate Judge Kaull in his Opinion/Report And Recommendation. Moreover, the Court is of the opinion that Magistrate Judge Kaull's Opinion/Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled civil action. Therefore, it is

**ORDERED** that the Opinion/Report And Recommendation On The Respondent's Motion For Summary Judgment entered by United States Magistrate Judge John S. Kaull on February 13, 2009, (Docket No. 61), be, and the same hereby is, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion For Summary Judgment (Docket No. 46) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Docket No. 1), be, and the same is hereby, **DENIED** and **DISMISSED** with prejudice.

In light of the denial of the Petitioner's Petition under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody and the dismissal of the above-styled civil action, it is further

**ORDERED** that the Petitioner's 2nd Motion For Enforcement Of Due Process Rights (Docket No. 59) be, and the same is hereby, **DENIED as moot**. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the Petitioner and to counsel of record.

**ENTER:** March  27 , 2009

                                                 **/S/ Robert E. Maxwell**
                                                 United States District Judge